In the Matter of SALVATORE FREDA, an Attorney, Respondent.

First Department, November 3, 1933.

*Einar Chrystie*, for the petitioner.

*Alvin C. Case*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July

7, 1927, at a term of the Appellate Division of the Supreme Court, First Department.

By the petition herein he is charged with misconduct as an attorney at law, as follows:

In September, 1932, a judgment for $693.52 was recovered against Joseph Cerelli by the Landis Machine Company. Thereafter Cerelli consulted the respondent and he agreed to negotiate a settlement with the judgment creditor. Subsequently, the respondent advised Cerelli that he had arranged to settle the case by the payment of $150 immediately and the balance of the judgment in installments of $78 a month. Relying upon the representations of the respondent, Cerelli on September 28, 1932, gave him $150 to be used solely for the purpose of making the required payment on account of the judgment in accordance with the terms of settlement. On or about September 29, 1932, the respondent gave a check for $137.50 to the attorney for the Landis Machine Company, the proceeds of which were to be credited on account of the judgment against Cerelli. When the check was presented for payment the bank refused to honor it because of insufficient funds to the credit of the respondent. Thereafter the respondent paid the attorney for the Landis Machine Company $75 on account of the judgment recovered against Cerelli. Up to the time of the hearing before the committee on grievances of the petitioner no part of the balance of said sum of $150 had been paid on account of the judgment or returned to Cerelli.

All the aforesaid facts have been admitted by the respondent.

Before the grievance committee the respondent testified that on the evening of September twenty-eighth he had given to his brother, Severino Freda, the $150 received as aforesaid to be deposited the following morning in the account of the respondent. On the morning of the twenty-ninth respondent gave his check for $137.50 pursuant to the agreement of settlement. Later in the day respondent learned from his brother that the latter had used $70 of the $150 and had deposited only $80 thereof in the account of the respondent. This was corroborated by the testimony of the brother. Because of this fact the respondent knew there would be insufficient funds in his account to take care of the check for $137.50. Not desiring to disclose the actual facts showing the dishonesty of his brother, the respondent wrote the attorney to whom he had given the check that a check which he himself had deposited had been returned for insufficient funds, which would result in one of four checks issued by the respondent being returned for like reason. The respondent accordingly requested the redeposit of said check, should it be returned. Said statements concededly were false,

and claimed to be made for the purpose stated, namely, to avoid disclosure of the fact that the brother of the respondent had converted the money. Thereafter the respondent found it financially impossible to make good the check. On October 10, 1932, $75 was paid by him on account. Subsequent to the hearing before the grievance committee of the petitioner the balance has been paid.

The predicament in which the respondent found himself may have arisen originally out of no moral delinquency of the respondent. Both the respondent and his brother had accounts in the same bank, and respondent's brother had made deposits for him on prior occasions. It was not unreasonable, therefore, for the respondent to intrust the $150 to his brother for deposit, and to have drawn the check upon the assumption that the deposit had been made. If the respondent had explained the situation to the attorney to whom the check had been given and turned over the balance of the amount on deposit in the account, he might have been subject to no criticism. Unfortunately, however, the respondent appropriated to his own use the balance of the amount received from his client. This constitutes not only an offense in itself but tends to weaken belief in the whole defense. The reluctance of the respondent to disclose the dishonesty of his brother is understandable. His conversion of the balance, however, is inexcusable. Disciplinary action cannot be avoided by a plea of financial distress.

In consideration, however, of mitigating features here present, showing that the respondent at the time of withdrawing the balance of his account had explained the situation to his client and agreed to make good the defalcation, it is the judgment of the court that the respondent be suspended from practice for a period of six months, with leave to apply for reinstatement at the expiration thereof upon proof of compliance with the conditions to be incorporated in the order.

MERRELL, MARTIN and TOWNLEY, JJ., concur.

Respondent suspended for six months.